```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

WILLIAM J. CURRY,                  )
                                   )
        Petitioner,                )
                                   )    C.A. No. 04-12442-MEL
        v.                         )
                                   )
COMMONWEALTH OF MASSACHUSETTS,     )
                                   )
        Respondent.                )
```

<u>MEMORANDUM AND ORDER</u>

LASKER, S.J.

For the reasons stated below, the petitioner Curry's action is dismissed.

<u>FACTS</u>

On November 3, 2004, William J. Curry, currently an inmate at Old Colony Correctional Center in Bridgewater, MA, submitted a letter to this Court "seeking Relief from Judgement [sic] under 28 U.S.C. §2244(b)(3) of Federal Rules Civil Procedure, rule 60(b), 28 USCA." (Docket No. 1). He further stated in his letter:

> I am seeking relief based on the following grounds:
>
> A.) I have submitted to this Honorable Court, A Petition sent to the Massachusetts Supreme Judicial Court and the Court has not filed a response to my petition, despite my requesting a Habeas Corpus, and a copy of this petition was also sent to the Suffolk County District Attorney's Office.
>
> In addition, I respectfully request that this Court rule on the enclosed petition, along with the Attached motions. I also request the Honorable Court to Grant me the

following:

A) A Habeas Corpus to federal Court
B) A Evidentiary Hearing on enclosed petition
C) A Lawyer to represent me should the Courts approved my Request
D) A new trial, if after reviewing the enclosed petition, this Honorable Court determines that a new trial be granted.

(Letter, Docket No. 1). Attached to this letter were 37 pages of materials to and from the Suffolk County Superior Court regarding Indictment Nos. SUCR 1996-10693 and SUCR 1996-10694.[1] No habeas

---

[1]The documents included are as follows:

1. Defendant's Appeal to Mass. Supreme Judicial Court;
2. Letter to Office of the Clerk, Mass. SJC re: requesting review of 12 issues and for new trial (2 pages);
3. Motion for Evidentiary Hearing on Defendant's Motion for a New trial;
4. Motion for New trial, pursuant to Mass. Rules Crim. Procedure Rule 30(b);
5. Letter to clerk-Suffolk Superior Court dated 6/1/04 re: Motion for Appointment of Counsel; Motion for Evidentiary Hearing;
6. Clerk's Notice from Suffolk Superior Court notifying Curry his motion for Appellate counsel was denied by Judge Ford on 6/23/04;
7. Clerk's Notice from Suffolk Superior Court notifying Curry his motion for evidentiary hearing on motion for new trial was denied by Judge Ford on 6/23/04;
8. Clerk's Notice from Suffolk Superior Court notifying Curry his motion for new trial was denied by Judge Ford on 6/23/04;
9. A five page document listing Curry's challenges to his criminal conviction;
10. A three page Boston Police Report, dated 5/18/96 re: rape investigation; photo identification;
11. A one page document dated 5/19/96 re: Investigation; items taken from Curry sent to crime lab for analysis;
12. An eleven page document containing portions of trial transcripts;
13. Certificate of Service by Curry;
14. Clerk's Notice from Suffolk Superior Court notifying Curry his

petition was attached to the letter, nor was any Application to Proceed *in forma pauperis.*

While not expressed in his submissions, Curry's filings appear to be related to his 1998 conviction in the Suffolk Superior Court of rape of a child, indecent assault and battery, assault with a dangerous weapon, and threats (96-10963), and assault and battery on a child under 14, rape and abuse of a child under 16, and threats (96-10964).

On November 1, 2001 Curry filed a §2254 petition in this court, See Curry v. Ficco, 01cv11921-RGS.  That action was dismissed without prejudice on July 30, 2002.  Subsequently, on November 6, 2002, Curry filed another petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, drawn as Curry v. Ficco, 02cv12297-DPW. That petition was dismissed on the merits on January 14, 2004.  See 02cv12297-DPW.[2]

---

    pro se writ of habeas corpus, ad testificandum was denied by Judge Ford on 10/29/04;
15. A two page letter of "Emmanuel"
16. A two page letter from Emmanuel Foster to Mrs. Angela Black, dated 3/20/00;
17. Curry's motion for writ of habeas corpus ad testificandum dated 10/5/04 and endorsement of denial 10/25/04.

[2]This action was drawn as a random assignment pursuant to Local Rule 40.1, and not as a related case to 02cv12297-DPW, although it appears Curry's filings in this action are related to the prior §2254 petition.

ANALYSIS

I. Curry has failed to pay the filing fee or seek a waiver of it.

Because Curry is a state prisoner challenging his state court conviction, the action is deemed to be a habeas petition pursuant to 28 U.S.C. §2254.  A party filing a §2254 habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without prepayment of fees.  See 28 U.S.C. §1914(a)(filing fees); §1915(proceedings *in forma pauperis*).  An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by §1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. §1915(a)(2).  Because Curry has not submitted the filing fee or an application to waive the fee, this action shall be dismissed.

II.  The Court May Screen this Action

Under Rule 4(b) of the Rules Governing §2254 cases, the Court is required to examine a petition, and if it "plainly

4

appears from the face of the motion...that the movant is not entitled to relief in the district court," the court "shall make an order for its summary dismissal." Rule 4(b). McFarland v. Scott, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. §2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994). Here, Curry's filing, purporting to be a habeas petition, is both factually and legally deficient.

> III.   A Habeas Petition must specify all grounds of relief, contain a summary of facts supporting the grounds listed, and state the relief requested.

Under Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts, which may be applied to other habeas petitions at the Court's discretion, a habeas petition must specify all grounds of relief that are available to the petitioner and set forth in summary form the facts supporting each ground of relief. See Rule 1(b) of the Rules Governing Section 2254 cases.  The petition must also state the relief requested and be signed under the pains and penalties of perjury.  Rule 2(c).  Although this Court does not require by local rule that §2254 habeas petitioners use any particular form for the petition, a habeas petition still must

substantially comply with the requirements for form outlined in Rule 2, so that the Court may determine if there is any basis for habeas relief.  See, e.g., Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998).

Here, Curry has not complied with this mandate.  He merely submitted a one page letter request seeking habeas relief, an evidentiary hearing, appointed counsel, and a new trial.  No separate motions directed to this Court (as opposed to Suffolk Superior Court) were submitted. Curry merely attaches his state court filings to his letter to this Court.  Curry provides no factual or legal bases for such request, except to state that the request is made because the state court has not filed a response to his petition. Curry does not claim, for instance, that the request is based on new grounds for relief that were not previously addressed by this Court, or that he has now exhausted state remedies.[3]

IV.  <u>This Court lacks jurisdiction over Curry's request for habeas relief, as it is a "Second or Successive" petition</u>.

---

[3] Judge Woodlock previously denied Curry's motion to amend his habeas petition in 02cv12297-DPW to assert Fourth Amendment violations for unreasonable searches and seizures, for failure to exhaust state remedies on this claim.  The Court did permit Curry to challenge the voluntariness of his statements and their admission into evidence at trial.  Upon reviewing the record, Judge Woodlock rejected Curry's claims on the merits and dismissed his habeas petition.

As indicated above, Curry raises no new theories upon which to base a renewed or third petition. Rather, it appears from Curry's submissions referencing the same underlying state criminal case numbers, and also referencing many of the same factual allegations, that Curry's recent filing in this case seeking habeas relief merely reiterates matters previously raised before Judge Woodlock in 02cv12297-DPW. Because Curry previously filed a §2254 petition that was decided on the merits, any petition filed by him would be "second or successive." See Norton v. United States, 119 F. Supp. 2d 43,44 n.1 (D. Mass. 2000)(a petition is "second or successive" where a previous habeas petition has been decided on the merits); cf., Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000)(citations omitted).

Before a party may file a "second or successive §2254 petition, a motion must be filed in the appropriate court of appeals for an order authorizing the district court to consider the application. §2244(b)(3)(A).[4] The requirement that a motion to file a second or successive petition be filed in the court of appeals is an allocation of subject matter jurisdiction to that court. See, United States v.

---

[4] In fact, in Curry's letter, he cites to §2244(b)(3) as a ground for relief from judgment. It is unclear whether Curry meant to direct his filings to the First Circuit Court of Appeals or the District Court, although he directed the filings to the District Court Clerk's Office. Moreover, because this action may be dismissed on these grounds, the issue of the statute of limitations as a bar to Curry's petition need not be addressed. See §2244(d)(1).

Barrett, 178 F.3d 34, 41 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000); See also, Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)(district court may not consider a second or successive habeas application absent proper authorization from the Court of Appeals); Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003)(per curiam), Rodwell v. Pepe, 324 F.3d 66, 72 (1st Cir. 2000), Pratt v United States, 129 F.3d 54, 57 (1st Cir. 1997).

There is no indication here that this is a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982) such that Curry's filings could be deemed to be a first petition and therefore not subject to the "second or successive" rule.  See Slack v. McDaniel, 529 U.S. 473, 487 (2000).

V.  Curry's Rule 60(b) motion is deemed to be a habeas petition and is denied

In his cover letter, Curry merely states he is also seeking Rule 60(b) relief, but provides no other factual or legal bases for such request.  To the extent that Curry is seeking reconsideration of Judge Woodlock's dismissal of his habeas petition or to reopen the petition, the motion is deemed to be a second or successive habeas petition and therefore barred for the reasons stated above.

In Rodwell v. Pepe, an analogous case to that presented here, a state inmate had filed a case asking this Court to reopen his first federal habeas case, arguing that the prosecution had suppressed exculpatory evidence concerning a key witness's status as a jailhouse

informant. Rodwell, 324 F.3d at 69. The First Circuit considered whether such a motion for relief from judgment, filed under Rule 60(b) of the Federal Rules of Civil Procedure, was in fact a second or successive §2254 petition for purposes of §2244. Other circuits had made categorical determinations on this issue, however, the First Circuit embraced a "pragmatic" method of determining whether such a motion should be characterized as a petition for habeas relief. Under the First Circuit's approach, "the answer to the question of what law applies will depend not on the label affixed to the particular motion but on its essence." Id. at 70-71. The factual predicate underlying the motion was considered. Id. at 70. If "the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition." Id.

Applying this rule, the First Circuit held that the petitioner's motion was an application for habeas relief. Id at 72. The Court observed that the petitioner sought to provide facts that (in the petitioner's view) would prove his conviction was constitutionally infirm. Id. at 71-72. The Court held that such a claim "is a paradigmatic habeas claim." Id. at 72.

As in the Rodwell case, Curry's filings demonstrate that he again seeks to attack the constitutionality of his underlying state conviction. Curry must therefore receive leave from the First

9

Circuit Court of Appeals to file a second §2254 petition prior to filing the petition in the district court.

### VI. Curry's Motion for Counsel, Motion for Evidentiary Hearing, and Motion for New Trial are Denied.

Motions for appointment of counsel for habeas proceedings where no evidentiary hearing has taken place may be considered under the Criminal Justice Act (CJA) and/or section 1915(e)(1). 18 U.S.C. §3006A(a)(2)(B); accord Rule 8(c) of the Rules Governing Section 2254 Habeas Proceedings; 28 U.S.C. §1915(e)(1). Counsel may be appointed under the CJA only where the "interests of justice" so require it; counsel may be appointed under section 1915(e)(1) where "exceptional circumstances" exist. Id.

Because Curry has not submitted a viable habeas petition in this Court, the Court denies the request for court appointed counsel. Similarly, for the reasons stated above, Curry's request for an evidentiary hearing is Denied, and his motion for a new trial is Denied.

### CONCLUSION

Accordingly, for the reasons set forth above, Curry's motions for appointment of counsel, for evidentiary hearing, and for new trial are denied and Curry's habeas petition is dismissed in its entirety.

>/s/ Morris E. Lasker
>MORRIS E. LASKER
>SENIOR, UNITED STATES DISTRICT JUDGE

Dated: December 2, 2004